IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ALFRED BREWSTER, as Administrator of the Estate of and next friend of his deceased minor grandson Landlee Scout Brewster,<br><br>Plaintiff,<br><br>v.<br><br>DOREL JUVENILE GROUP, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 4:15-CV-2285-VEH<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

Plaintiff Alford Brewster, as the administrator of the estate and next friend of his deceased minor grandson, Landlee Scout Brewster ("Scout"), initiated this wrongful death action on December 18, 2015, against Defendant Dorel Juvenile Group, Inc. ("Dorel"). (Doc. 1 at 1). Dorel is in the business of making booster seats (Doc. 1 at 2 ¶ 6), and Plaintiff's grandson was allegedly in a Dorel-made booster seat when he died in a motor vehicle accident on December 20, 2013. (Doc. 1 at 3 ¶¶ 9-11; *id.* at 5 ¶ 23). Plaintiff asserts liability against Dorel under the Alabama Extended Manufacturers Liability Doctrine and common law. (Doc. 1 at 1).

Pending before the court is Plaintiff's Motion To Strike Defendant's Untimely Expert Report (Doc. 26) (the "Strike Motion") filed on March 10, 2017. Dorel responded to the Strike Motion on March 24, 2017. (Doc. 27). Plaintiff replied on March 31, 2017. (Docs. 28-30). Accordingly, the Strike Motion is now under submission and, as explained below, is **GRANTED IN PART** and otherwise **DENIED**.

## II. Standards

### A. Evidentiary Rulings Generally

"All evidentiary decisions are reviewed under an abuse-of-discretion standard." *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S. Ct. 512, 517, 139 L. Ed. 2d 508 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under

an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497,
1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that
certain errors were committed, the errors must have affected "substantial
rights" in order to provide the basis for a new trial. *See* FED. R. EVID.
103(a). "Error in the admission or exclusion of evidence is harmless if
it does not affect the substantial rights of the parties." *Perry*, 734 F.2d
at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319
(11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of many evidentiary errors does not guarantee the appealing party a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" in order for reversible error to occur.

### B. Rulings on Expert Disclosures Specifically

Concerning rulings on expert disclosures, more particularly, the Eleventh Circuit has explained:

> FED. R. CIV. P. 26(a)(2)(C) provides clear deadlines for the submission
> of expert reports to the court, and FED. R. CIV. P. 37(c)(1) gives district
> courts discretion to exclude untimely submissions. *Coastal Fuels Inc. v.
> Caribbean Petroleum Corp.*, 79 F.3d 182, 202-03 (1st Cir. 1996), *cert.
> denied*, 519 U.S. 927, 117 S. Ct. 294 (excluding testimony of rebuttal
> witnesses because party did not comply with FED. R. CIV. P.
> 26(a)(2)(C)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259
> F.3d 1101, 1105-06 (9th Cir. 2001). Although the district court may
> have had discretion to admit an untimely report, *see Grimm v. Lane*, 895
> F. Supp. 907, 913 (S.D. Ohio 1995) (admitting untimely expert evidence
> because no risk of unfair surprise existed), it did not abuse its discretion
> to exclude it as untimely in the circumstances under which the Bearints
> offered it. The Bearints waited until trial, about four months after the
> report's publication, to submit it. <u>Given the wide latitude the district</u>

3

<u>court has to exclude untimely submissions, we cannot say that it abused its discretion to exclude this report</u>.

*Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (emphasis added).

**III. Analysis**

On March 9, 2017, Dorel produced to Plaintiff a document entitled "Dorel Juvenile Group's First Supplemental Expert Identity Disclosure" (Doc. 26-1) (the "Supplemental Disclosure"). The Supplemental Disclosure pertains to two witnesses–Jeya Padmanaban ("Ms. Padmanaban") and Dr. Michael Story ("Dr. Story")–and states in relevant part:

    A.    <u>Retained Experts</u>

        1.    Jeya Padmanaban
                1975 W. El Camino Real, Suite 300
                Mountain View, CA 94040

    Ms. Padmanaban is a statistician. She may opine about the 2010 NHTSA study relied upon by Plaintiff's expert Neil Hannemann and which he raised during his February 22, 2017 deposition in this matter. Her report rebutting Mr. Hannemann's expressed opinions on the study, CV, and testimony list are enclosed. If deposed, she may also offer testimony on issues raised during her deposition.

    B.    <u>Independent Experts</u>

        1.    Dr. Michael Story
                550 Medical Center Drive SW
                Fort Payne, AL 35968

4

Dr. Story is a pediatrician who regularly treated Scout Brewster. In addition to the topic of Scout's medical care, Dr. Storey is expected to testify at trial consistent with his deposition regarding Scout's pediatric growth and development, as well as the propriety of booster seat use for children of Scout's age and size.

(Doc. 26-1 at 2-3).[1]

## Dorel's Supplemental Disclosure of Ms. Padmanaban

The court addresses Plaintiff's objections to Ms. Padmanaban first. Plaintiff seeks to strike the Supplemental Disclosure of Ms. Padmanaban as untimely under the Scheduling Order's disclosure deadline of October 3, 2016, for Dorel (Doc. 13 at 1 § I.A) and as non-compliant with the requirements of FED. R. CIV. P. 26. (Doc. 26 at 3).

Turning to Plaintiff's untimeliness challenge, Rule 26(a)(2)(D) governs the timing for parties to disclose expert witnesses:

> **(D)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> **(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> **(ii)** <u>if the evidence is intended solely to contradict or rebut evidence</u> on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), <u>within 30 days after</u>

---

[1] All page references to Doc. 26-1 correspond with the court's CM/ECF numbering system.

<u>the other party's disclosure</u>.

FED. R. CIV. P. 26(a)(2)(D) (emphasis added).

Further, "[t]he parties must supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E). Rule 26(e), in turn, provides:

> **(2) *Expert Witness.*** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

FED. R. CIV. P. 26(e)(2).

Plaintiff complains that Dorel's disclosure of Ms. Padmanaban was made "over 5 months after the defendant's expert discovery deadline [in October 2016] and less than 30 days prior to the discovery cut-off [of March 31, 2017]." (Doc. 26 at 3 (emphasis omitted)). Plaintiff also notes that Dorel did not seek to extend the expert disclosures deadline when the parties jointly moved to extend several other Scheduling Order deadlines in September 2016.[2]

Dorel counters that the disclosure of Ms. Padmanaban is timely because she is being called to rebut the testimony of Plaintiff's expert–Neil Hannemann ("Mr.

---

[2] On September 20, 2016, the court extended several of the parties' Scheduling Order deadlines by 90 days, including the discovery completion and dispositive motion deadlines. (Docs. 23, 24).

6

Hannemann")–related to the 2010 NHTSA Study entitled "Booster Seat Effectiveness Estimates Based on CDS and State Data." (Doc. 26-2 at 2);[3] (*see* Doc. 26-2 at 4 ("The inherent deficiencies and inadequacy of the data and methodology used by [the 2010 NHTSA] [S]tudy cannot be relied upon by any qualified, statistically-competent individuals to propose that children under the age of 4 are at greater risk of serious injury or death in a booster seat comparing to child restraint seats.")); (*see also* Doc. 27 at 6 ("Ms. Padmanaban's report and disclosure [are] limited to rebutting the unique statistical issues raised by Mr. Hannemann's second supplemental report.")).

Mr. Hannemann has provided multiple expert reports during the course of discovery. As summarized by Dorel (and uncontested by Plaintiff), Mr. Hannemann offered his first expert report in 2016, issued a pre-deposition supplemental report on February 20, 2017, and provided a post-deposition second supplement report on March 3, 2017. (Doc. 27 at 3-4); (*see also* Doc. 27-1 (attaching Mr. Hannemann's second supplemental report)).

Dorel explains that, consistent with Rule 26(a)(2)(D)(ii) and Rule 26(e)(2), it disclosed Ms. Padmanaban to Plaintiff and provided her rebuttal expert report "less than two weeks after Mr. Hannemann's deposition" and, therefore also, within 30

---

[3] All page references to Doc. 26-2 correspond with the court's CM/ECF numbering system.

days of Mr. Hannemann's second supplemental report. (Doc. 27 at 6); (*see also id.* at 8 ("Ms. Padmanaban's rebuttal report and disclosure were provided by defense counsel on March 10, 2017, only a week after Mr. Hannemann's second supplemental report, and well within the 30 days required by the Federal Rules.")). Dorel's implicit position that with each supplemental expert report served a new 30-day rebuttal-witness window opens is a persuasive one; otherwise, the party who provides the supplemental reports would always have the advantage of being able to refine expert testimony without the chance of a counter disclosure by the opposing side. Dorel also points out that it offered to put Ms. Padmanaban up for a deposition, but Plaintiff declined and requested no alternative dates. (Doc. 27 at 6).

In reply, Plaintiff no longer focuses upon whether Dorel timely disclosed Ms. Padmanaban as a rebuttal witness. Instead, Plaintiff (as summarized) states:

> 2. Defendant's argument relative to the designation of Ms. Padmanaban is that she was added to address statistical testimony given by Plaintiff's expert Neil Hannemann at his deposition. In fact, Mr. Hannemann was testifying regarding a document produced to Plaintiff *by the Defendant*. Any attempt to discredit the document in question (which was produced by the Defendant during discovery) does not require the addition of another expert witness (Ms. Padmanaban), but can be accomplished by cross-examination of Mr. Hannemann or through the direct testimony of the Defendant's other expert witnesses.

(Doc. 28 at 2 ¶ 2 (emphasis in original)). Thus, in contrast to the initial brief, Plaintiff contends that Dorel should not be permitted to rely upon Ms. Padmanaban as a

8

rebuttal expert because Dorel is the party that produced the 2010 NHTSA Study during discovery and Dorel already has enough expert witnesses. Plaintiff refers to no case authority for these new reasons to prohibit Dorel from using Ms. Padmanaban as a rebuttal expert. However, even if Plaintiff had cited to some on-point cases, the court, nonetheless, would reject Plaintiff's contentions as an impermissible infringement upon Dorel's right to defend itself in the manner that its counsel believes is best. Therefore, the untimeliness portion of Plaintiff's Strike Motion pertaining to Ms. Padmanaban is **DENIED**.

Concerning Plaintiff's challenge of the contents of Ms. Padmanaban's expert report, Rule 26(a)(2)(B) governs the requirements for that document:

> **(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > **(ii)** the facts or data considered by the witness in forming them;
> >
> > **(iii)** any exhibits that will be used to summarize or support them;
> >
> > **(iv)** the witness's qualifications, including a list of all

> publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). Plaintiff maintains that Ms. Padmanaban's report is deficient with respect to subsection (iv)–her qualifications and a compilation of her publications. In her report, Ms. Padmanaban states:

> I have published over 50 peer-reviewed studies using field data (real-world crash and performance data) to address trends associated with different types of automobile and automobile components. I have also chaired many technical sessions for [the Society of Automotive Engineers, the Association for the Advancement of Automotive Medicine, and the International Research Council on the Biomechanics of Injury], and have conducted technical workshops addressing statistical analyses using different types of databases.

(Doc. 26 at 8); (*see also* Doc. 26-2 at 3 (same)).

Plaintiff also argues that her opinions are too vague. (Doc. 26 at 8-9). Finally, Plaintiff objects that Ms. Padmanaban's report references (but fails to attach) trial exhibits that she anticipates presenting to illustrate to the jury the data and findings upon which her opinions are based. (Doc. 26 at 9-10); (*see also* Doc. 26-2 at 6 (discussing anticipated trial exhibits)).

In response, Dorel points out (and Plaintiff does not dispute) that Ms.

Padmanaban's qualifications and publications history are sufficiently detailed by her CV that was attached to her report and provided to Plaintiff. (Doc. 27 at 9 n.1); (*see* Doc. 26-1 at 2 (indicating that Ms. Padmanaban's CV is attached)). Dorel does not directly respond to Plaintiff's other two points. Similarly, Plaintiff, in his reply, does not pursue any of these content-based arguments.

The court is not persuaded to strike Ms. Padmanaban's report on account of Rule 26(a)(2)(B)(iv), claimed vagueness, or her reference to anticipated trial exhibits, especially when Plaintiff has dropped any discussion of these issues in reply. Additionally, Plaintiff could have developed the vagueness and trial exhibit challenges further by deposing Ms. Padmanaban, but elected not to do so. Therefore the content-based section of the Strike Motion pertaining to Ms. Padmanaban is also **DENIED**.

## Dorel's Supplemental Disclosure of Dr. Story

Dorel intends to call Dr. Story, a treating pediatrician, to provide opinions about "Scout's pediatric growth and development, as well as the propriety of booster seat use for children of Scout's age and size." (Doc. 26-1 at 3). Plaintiff objects to Dorel's disclosure of Dr. Story as an expert witness for these topics (as opposed to testimony from Dr. Story about his treatment of Scout as a patient) as untimely under the Scheduling Order. (Doc. 26 at 7).

Dorel counters that Dr. Story is not a retained expert and that it could not have disclosed Dr. Story as an expert witness on a timely basis because it "had no way of knowing [Dr. Story's opinions] until he was timely deposed as a fact witness . . . ." (Doc. 27 at 10). Dorel also states that it "updated its disclosures within 30 days of Dr. Story's deposition to provide fair notice of its intent to use Dr. Story's testimony at trial." *Id.*

The Scheduling Order established a deadline for the disclosure of <u>all</u> expert witnesses–whether specially retained or otherwise. (*See* Doc. 13 at 1 § I.A ("Disclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert – is due from plaintiff(s) by **August 1, 2016**, and from defendant(s) by **October 3, 2016**.") (emphasis in original)). The Scheduling Order also emphasized that good cause must be shown for the extension of any deadline. (*See* Doc. 13 at 2 ("**Good cause must be shown for the extension of any deadline**.") (emphasis in original)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("[Scheduling] orders 'control the subsequent course of the action unless modified by a subsequent order,' FED. R. CIV. P. 16(e), and may be modified only 'upon a showing of good cause. FED. R. CIV. P. 16(b).'").

In disclosing Dr. Story as a late expert witness to opine about Scout's pediatric growth and development and whether the use of a booster seat for him was

12

appropriate given his age and size, Dorel did not seek permission from the court–with a showing of good cause–to modify the Scheduling Order to allow for the untimely disclosure. Similarly, in responding to Plaintiff's Strike Motion, Dorel makes no mention of Rule 16's good cause standard and, likewise, fails to carry its burden to show that the circumstances surrounding its late disclosure of Dr. Story as a non-retained expert meet that measure.

In fact, Dorel does not cite to a single supporting case in which a medical provider expected to testify about the facts of a patient's treatment was permitted to offer opinion testimony as well even though the expert disclosure deadline had passed and no modification of that Rule 16 deadline was sought by the proponent of the opinion testimony. *Cf. United States Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) ("We will not address this perfunctory and underdeveloped argument." (citing *Flanigan's Enters., Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001), *superseded by statute on other grounds as stated in Buehrle v. City of Key West*, 813 F.3d 973, 980 (11th Cir. 2015))); *cf. also Flanigan's*, 242 F.3d at 987 n.16 (holding that a party waives an issue when it "fail[s] to elaborate or provide any citation of authority in support"). Consequently, Dorel's late disclosure of Dr. Story as a non-retained expert witness is barred as untimely under the Scheduling Order, and Plaintiff's Strike Motion is **GRANTED** with respect to opinion evidence

13

offered by Dr. Story. *See Sosa*, 133 F.3d at 1418 ("A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." (citing *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993))).

Alternatively, Plaintiff's Strike Motion is **GRANTED** because the contents of Dorel's disclosure of Dr. Story are inadequate under Rule 26(a)(2)(C). That subsection governs disclosures for experts who are not required to provide a written report and states:

> **(C)** Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

FED. R. CIV. P. 26(a)(2)(C).

While Dorel's disclosure substantially comports with FED. R. CIV. P. 26(a)(2)(C)(i), it omits a summary of the facts and opinions as required by FED. R. CIV. P. 26(a)(2)(C)(ii). Therefore, Dorel's disclosure of Dr. Story to provide opinion evidence is **HEREBY STRICKEN** for this additional reason.

## IV.  Conclusion

Plaintiff's Strike Motion is **DENIED** as to Ms. Padmanaban, but **GRANTED** as to Dr. Story.

**DONE** and **ORDERED** this 10th day of April, 2017.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge